the property, suggestive of anything but joint ownership thereof.

For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.

O'NIELL, C. J., and FOURNET, J., take no part.

PER CURIAM.

Rehearing denied.

O'NIELL, C. J., dissents from the refusal to grant a rehearing.

166 So. 140

**Succession of WINKLER.**

No. 33714.

Feb. 3, 1936.

Rehearing Denied March 2, 1936.

John C. O'Connor and Arthur Landry, both of New Orleans, for appellant.

Harold J. Moore, of New Orleans, for appellee Mary Frances Ohlenforst Winkler.

Daniel Wendling, of New Orleans, for appellee Victory Oil Co.

BRUNOT, Justice.

Peter Gabriel Winkler died intestate. He was married twice. Four children, all the issue of his first marriage, survive him. He left an estate, consisting of paraphernal personal property, and a surviving widow. An administration of the estate was provoked, and, by agreement of the interested parties, Leopold C. Winkler was appointed and qualified as administrator of the succession.

In due course the assets of the succession were assembled, the debts tabulated, and the administrator's final account was filed. Several alleged creditors of the deceased, and his surviving widow, who alleged herself to be the widow of the deceased, in necessitous circumstances, and, as such, entitled, as a privileged creditor of the estate, to the sum of $1,000, filed oppositions to the account. The oppositions

were heard, some of them were rejected, and the account was amended by affirming others, including the opposition of the widow of the deceased.

No appeal from the judgment was taken by any of the parties opposing the account, but the administrator appealed from that part of the judgment decreeing the widow of the deceased to be in necessitous circumstances and entitled, as a privileged creditor, to $1,000, and ordering the account amended accordingly.

The testimony of the widow is positive that she was left in dire necessity by the death of her husband. To offset this testimony, the appellant offered certain probate records from the clerk of court of the parish of Acadia, in which parish the succession of Mrs. Winkler's first husband was opened.

These records show that, in the settlement of the affairs of that succession, Mrs. Winkler, who was at that time the widow of the deceased, Wenzel Ohlenforst, received from his succession a few hundred dollars. The record shows that this small sum was used after the death of her first husband for the purpose of educating her son, the issue of her first marriage, and that it was wholly expended several years before the death of her second husband, Peter Gabriel Winkler.

It would serve no useful purpose to review the facts further.

For the foregoing reasons, the judgment appealed from is affirmed, the costs of the appeal to be paid by the succession.